PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JULIO LICEAGA, Defendant and Appellant.

No. 3040. Argued January 21, 1927.—Decided March 18, 1927.

*José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The People of Porto Rico, by its district attorney, charged the defendant Julio Liceaga with the commission of attempted burglary in the first degree, in that "on or about November 11, 1926, in the municipality of San Juan, . . . . illegally, wilfully and maliciously, with intent to commit theft, he attempted during the night to break into the business establishment of Francisco J. Rodríguez."

The information was filed on November 12, 1926, or the day following the commission of the crime. On the same day, November 12, 1926, the accused was arraigned in open court and, according to the record, he—

"stated that he pleaded guilty of the offense charged and asked that judgment be entered against him then and there."

Thereupon, according to the record, —

"considering the confession of the defendant, in open court, the court renders judgment declaring the defendant guilty of attempted

burglary in the first degree and at the request of the defendant himself renders judgment sentencing him to seven years at hard labor in the penitentiary.''

On November 15, 1926, a writing was filed signed by the defendant himself appealing from the judgment to this Supreme Court. On the second of the following month of December the transcript was filed containing four pages. On December 15 the defendant filed a writing in the shape of a brief, establishing the following as grounds for the appeal:

''First. That at the instance of the district attorney I pleaded guilty in the district court with the understanding that I should receive the minimum penalty.

''Second. That in view of my condition of insolvency I accepted the proposition.

''Third. That it is customary for courts to impose the minimum penalty on a plea of guilty, which avoids expense to The People of Porto Rico. And for the reasons already set forth and believing the penalty of 'seven years' to be excessive, I appeal to the Supreme Court to reverse the judgment in all its parts.''

On December 20, 1926, the appeal was heard without appearance by the appellant, and the case was thus finally submitted.

In the case of *People* v. *Laureano,* 34 P.R.R. 203, the following rule was established:

''When an information charges a simple offense unaccompanied by any allegation tending to show that it was aggravated the imposition of the maximum penalty is not justified if the defendant pleads guilty and no evidence is examined.''

Burglary in the first degree is punishable, according to section 410 of the Penal Code, by imprisonment in the penitentiary for from one to fifteen years. And according to subdivision 1 of section 50 of the same Code, an attempt to commit that crime shall be punished ''by imprisonment in the penitentiary not exceeding one-half the longest term prescribed upon a conviction of the offense so attempted.''

Therefore, the maximum of the penalty in the present case

is seven years and six months in the penitentiary. The judge sentenced him to seven years, practically the limit of the penalty. Can it stand?

The information reveals only an ordinary attempt. No aggravating circumstance against the defendant is alleged and he pleaded guilty. If there were aggravating circumstances the prosecution could have submitted them to the court, but did not. Perhaps the court knew of such circumstances, but no action should be taken dehors the record. The defendant had a right to intervene in the investigation and to be heard in his own defense. The rule established in the *Laureano Case, supra,* is therefore applicable, and if applied we are bound to modify the judgment by reducing the penalty.

That rule is not opposed to the principle of the discretion allowed the judges in the imposition of penalties within the limits set by the law. Such discretion exists, but it is not arbitrary. The legislators set a minimum and a maximum because they knew that the same criminal act may be committed under circumstances that might mitigate or aggravate the liability of its author. In the absence of such circumstances sane wisdom leads us to hold that a middle course would be just and proper.

Moreover, the confession of the defendant is in itself a favorable fact that should be considered in fixing the penalty. A defendant who pleads guilty accepts the full responsibility of his acts and this acceptance always uplifts and dignifies human personality. There is a marked difference between the guilty person who without obstructing the administration of justice acknowledges his fault or offense, obeys the law and pays the penalty, and the one who uses all the technical resources and takes advantage of all imaginable circumstances and very often does not hesitate to commit new crimes such as false evidence, bribes and the influencing of judges and juries, in order to elude compliance with the law and escape punishment.

If it were argued that use might be made systematically of confession to avoid in all cases, no matter how serious, the imposition of the maximum penalty, it is sufficient to remember that after a plea of guilty the prosecution has an opportunity to show the existence of circumstances requiring in justice the imposition of such maximum. See the decision of this court in *People* v. *Medina, ante,* page 214.

For the foregoing reasons the penalty is reduced to three years and as so modified the judgment is affirmed.

Mr. Justice Wolf and ·Mr. Justice Aldrey dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

The Penal Code and the system of law by which we are governed leaves the extent of the penalty to the discretion of the trial judge.

Sections 320 and 321 of the Code of Criminal Procedure provide:

''Sec. 320. After a plea or verdict of guilty, where a discretion is conferred upon the court as to the extent of the punishment, the court, upon the oral suggestion of either party that there are circumstances which may be properly taken into view either in aggravation or mitigation of the punishment, may, in its discretion, hear the same summarily at a specified time, and upon such notice to the adverse party as it may direct.

''Sec. 321. The circumstances must be presented by the testimony of witnesses examined in open court, except that when a witness is so sick or infirm as to be unable to attend, his deposition may be taken by a justice of the peace of the district, out of court, upon such notice to the adverse party as the court may direct. No affidavit or testimony or representation of any kind, verbal or written, can be offered to or received by the court or a judge thereof in aggravation or mitigation of the punishment, except as provided in this and the preceding section.''

It follows, it seems to me, that the judge below has a complete discretion until one of the parties shows a reason for augmenting or diminishing the penalty. If the defendant has circumstances in mititgation he should take the steps

set out in the foregoing section. Nothing of the kind was done here. All that defendant did was to confess himself guilty which is the "plea" mentioned at the beginning of section 320. After a plea of guilty, says the law, the court has a full discretion unless a defendant makes a showing. A mere confession is not sufficient.

It appears to me that the decision of the majority is equivalent to deciding that when a defendant confesses himself guilty the court must fix a penalty of exactly half of what the law permits.

In so far as in some other case I may have consented to a modification of a judgment, if the facts were not different in that case, my present matured judgment is as set forth above. I am authorized to state that Mr. Justice Aldrey agrees with the considerations of the foregoing paragraphs.

## ON RECONSIDERATION.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court on April 27, 1927.

A motion has been filed by the *Fiscal* of the Supreme Court and the prosecuting attorney for the district of San Juan for reconsideration of the judgment rendered in the present case. It is sworn to by the district attorney and accompanied by the penal record of the defendant written out by the warden of the insular penitentiary on the 4th of April, instant.

The attorneys allege that this court took into account the so-called brief of the defendant which was quoted in the opinion and which contains false statements in regard to alleged suggestions from the district attorney, and also allege that the truth of the matter is that at the time of imposing the sentence the district attorney informed the court as to the penal record of the man pleading guilty and that acting thereon the court imposed the maximum penalty.

Although owing to the manner in which the motion to

reconsider has been filed we could not but overrule it on the ground that the record can not be amended by including therein facts on the mere motion of one of the parties even if the motion is sworn to, we wish to state that the judgment and the opinion of this court were based on the contents of the complete record sent up by the clerk of the trial court and known to the district attorney who intervened in the bringing of the appeal, from which it appears that no compliance was had with section 320 of the Code of Criminal Procedure which reads:

"After a plea or verdict of guilty, where a discretion is conferred upon the court as to the extent of the punishment, the court, upon the oral suggestion of either party that there are circumstances which may be properly taken into view either in aggravation or mitigation of the punishment, may, in its discretion, hear the same summarily at a specified time, and upon such notice to the adverse party as it may direct."

As to the statement by the defendant, contained in his so-called brief, in regard to the suggestion from the district attorney, the court did not and could not take it into consideration because they were mere statements contained in a document without justification in the record. The opinion of the court is self-explanatory.

It is proper to add that there is no argument in the motion as to the principles established in the opinion on which was based the judgment sought to be considered.

Therefore, the motion to reconsider must be overruled.